

*Darren C. Halverson*
*Trial Attorney*

U.S. Department of Justice
*Criminal Division*
*Fraud Section*

970 Broad Street, Suite 700
Newark, New Jersey 07102
Direct Dial: (202) 880-2233

September 4, 2020

Peter Brill, Esq.
BRILL LEGAL GROUP, P.C.
306 5th Avenue, Penthouse
New York, NY 10038

**Re:    Plea Agreement with Cornelius O'Leary**

Dear Mr. Brill:

This letter sets forth the plea agreement between your client Cornelius O'Leary and the Fraud Section, Criminal Division of the United States Department of Justice ("this Office"). This plea agreement will expire on September 8, 2020, if an executed copy is not returned to this Office on or before that date.

## Charge

Conditioned on the understandings specified below, this Office will accept a guilty plea from Cornelius O'Leary to Count One of the Information, which charges Cornelius O'Leary with conspiring to commit health care fraud, contrary to 18 U.S.C. § 1347 in violation of 18 U.S.C. § 1349. If Cornelius O'Leary enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Cornelius O'Leary for, from in or about 2017 through April 9, 2019, conspiring to commit health care fraud as related in the Information.

However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Cornelius O'Leary agrees that any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Cornelius O'Leary may be commenced against him, notwithstanding the expiration of the limitations period after Cornelius O'Leary signs the agreement.

**Sentencing**

The violation of 18 U.S.C. § 1349 to which Cornelius O'Leary agrees to plead guilty carries a statutory maximum prison sentence of ten years. The statutory maximum fine for this offense is the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Cornelius O'Leary is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence Cornelius O'Leary ultimately will receive.

Further, in addition to imposing any other penalty on Cornelius O'Leary, the sentencing judge (1) will order Cornelius O'Leary to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order Cornelius O'Leary to pay restitution pursuant to 18 U.S.C. § 3563(b)(2) or § 3583(d); (3) may order Cornelius O'Leary, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offense; (4) must order forfeiture, pursuant to 18 U.S.C. § 982(a)(7); and (5) pursuant to 18 U.S.C. § 3583, may require Cornelius O'Leary to serve a term of supervised release of not more than three years, which will begin at the expiration of any term of imprisonment imposed. Should Cornelius O'Leary be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Cornelius O'Leary may be sentenced to not more than two years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

**Restitution Agreement**

In addition, Cornelius O'Leary agrees to make full restitution for all losses resulting from the offense of conviction or from the scheme, conspiracy, or pattern of criminal activity underlying that offense in the amount of $9,006,464.07.

### Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Cornelius O'Leary by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise.  In addition, this Office may inform the sentencing judge and the United States Probation Office of (1) this agreement, and (2) the full nature and extent of activities and relevant conduct with respect to this case.

### Stipulations

This Office and Cornelius O'Leary agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement.  This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties.  To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence.  Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement.  Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation.  A determination that any stipulation is not binding shall not release either this Office or Cornelius O'Leary from any other portion of this agreement, including any other stipulation.  If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so.  These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

### Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Cornelius O'Leary waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

### Forfeiture

As part of his acceptance of responsibility, Cornelius O'Leary agrees to forfeit the following to the United States of America, pursuant to 18 U.S.C. § 982(a)(7), all property, real or personal, Cornelius O'Leary obtained that

constitutes or is derived, directly and indirectly, from gross proceeds traceable to the federal health care fraud conspiracy offense charged in Count One of the Information, and all property traceable to such property, which Cornelius O'Leary agrees was approximately $150,090.00.

Cornelius O'Leary further agrees that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists, and that the United States is therefore entitled to forfeit substitute assets equal to the aggregate value of the forfeitable property described above, in an amount not to exceed $150,090.00 (the "Money Judgment"). Cornelius O'Leary consents to the entry of an order requiring Cornelius O'Leary to pay the Money Judgment, in the manner described below (the "Order"), and that the Order will be final as to Cornelius O'Leary prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, and which may be satisfied in whole or in part with substitute assets.

All payments made in full or partial satisfaction of the Money Judgment shall be made by postal money order, bank, or certified check, made payable in this instance to the United States Marshals Service, indicating Cornelius O'Leary's name and case number on the face of the check; and shall be delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102. Cornelius O'Leary further agrees that the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Money Judgment in full or in connection with any petitions filed with regard to proceeds or substitute assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas.

Cornelius O'Leary waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Cornelius O'Leary understands that criminal forfeiture is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. Cornelius O'Leary waives any and all constitutional, statutory, and other challenges to the forfeiture on any and all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment. It is further understood that any forfeiture of Cornelius O'Leary's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture.

Cornelius O'Leary further agrees that no later than the date he enters his plea of guilty he will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office. If Cornelius O'Leary fails to provide a complete and accurate Financial Disclosure Statement by the date he

enters his plea of guilty, or if this Office determines that Cornelius O'Leary has intentionally failed to disclose assets on his Financial Disclosure Statement, Cornelius O'Leary agrees that that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

It is further understood that the Office will recommend to the Attorney General that any forfeited money or property be remitted or restored to eligible victims of the offense, pursuant to 18 U.S.C. § 982(b)(1), 21 U.S.C. § 853(i), 28 C.F.R. Pt. 9, and other applicable law, provided that at the conclusion of the case the Office believes that this case meets the criteria for restoration or remission under the applicable Department of Justice regulations and policies. It is further understood that this Office has authority only to recommend such relief and that the final decision of whether to grant relief rests with the Department of Justice, which will make its decision in accordance with applicable law.

## Immigration Consequences

Cornelius O'Leary understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. The defendant understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. The defendant wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. The defendant understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

## Exclusion from the Medicare Program and Other Health Care Programs

Cornelius O'Leary understands and acknowledges that as a result of this plea, he will be excluded from Medicare, Medicaid, and all federal health care programs. Cornelius O'Leary agrees to complete and execute all necessary documents provided by any department or agency of the federal government, including but not limited to the United States Department of Health and Human Services, to effectuate this exclusion within 60 days of receiving the documents. This exclusion will not affect the defendant's right to apply for and receive

benefits as a beneficiary under any federal health care program, including Medicare and Medicaid.

## Other Provisions

This agreement is limited to the Fraud Section, Criminal Division of the United States Department of Justice and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Cornelius O'Leary. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and the U.S. Department of Health and Human Services), or any third party from initiating or prosecuting any civil or administrative proceeding against Cornelius O'Leary.

No provision of this agreement shall preclude Cornelius O'Leary from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Cornelius O'Leary received constitutionally ineffective assistance of counsel.

## No Other Promises

This agreement constitutes the plea agreement between Cornelius O'Leary and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

            Very truly yours,

            RACHAEL A. HONIG
            Attorney for United States,
            Acting Under Authority Conferred
            By 28 U.S.C. § 515

            ALLAN MEDINA
            Chief, Health Care Fraud Unit
            Criminal Division
            United States Department of Justice


            */s/ Darren C. Halverson*
          By: Darren C. Halverson
            Trial Attorney

APPROVED:

*/s/ Jacob Foster*

Jacob Foster
Assistant Chief, Health Care Fraud Unit
Criminal Division
United States Department of Justice

I have received this letter from my attorney, Peter Brill, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____     Date: 09/09/2020
Cornelius O'Leary


I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____     Date: 9/9/2020
Peter Brill, Esq.

**Plea Agreement with Cornelius O'Leary**

**Schedule A**

This Office and Cornelius O'Leary recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Cornelius O'Leary agree to the stipulations set forth herein, and agree that the Court should sentence Cornelius O'Leary within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and Cornelius O'Leary further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level. The parties agree not to seek or argue for any upward or downward departure or adjustment not set forth herein. This Office and Cornelius O'Leary agree to stipulate to the following facts:

1. Between in or about July 2017 and on or about April 9, 2019, Cornelius O'Leary knowingly and willfully conspired and agreed with others to defraud a federal health care program in violation of 18 U.S.C. § 1349. Medicare is a "health care benefit program" of the United States, as defined in 18 U.S.C. § 24(b).

2. Cornelius O'Leary was a medical doctor, licensed to practice medicine in New York and California.

3. Between in or about July 2017 and on or about April 9, 2019, Cornelius O'Leary was a consultant for telemedicine companies including, Telemed Health Group LLC (dba AffordADoc), and others during which they submitted or caused the submission of false and fraudulent claims to Medicare in excess of approximately $18,800,000.00 for orthotic braces that were medically unnecessary, ineligible for Medicare reimbursement, or not provided as represented. Cornelius O'Leary gained access to the Medicare beneficiary information of thousands of vulnerable Medicare beneficiary through AffordADoc and others in order to sign orders for orthotic braces regardless of medical necessity.

4. Cornelius O'Leary further conspired with others to submit or caused the submission of approximately $2,800,000 in claims to Medicare for genetic cancer screening and other laboratory tests that were medically unnecessary, ineligible for Medicare reimbursement, or not provided as represented.

5. AffordADoc and others paid Cornelius O'Leary approximately $30 per consultation for orthotic braces with a beneficiary. Cornelius O'Leary signed the orders for orthotic braces in the absence of a pre-existing doctor-patient relationship, without a physical examination, and frequently based solely on a short telephonic conversation with the beneficiary or without any conversation with the beneficiary. Cornelius O'Leary and others ordered or

caused the ordering of orthotic braces regardless of medical necessity in order to increase revenue for himself, AffordADoc, and others.

6. Cornelius O'Leary and others concealed the scheme by submitting or causing the submission of false and fraudulent documentation to Medicare.

7. Medicare only paid for orthotic brace orders that were medically necessary for the treatment or diagnosis of a patient's illness or injury.

8. Cornelius O'Leary broke his promise to Medicare that he would comply with all Medicare rules and regulations, and federal laws, including that he would not knowingly present or cause to be presented a false and fraudulent claim for payment by Medicare.

9. The preceding statement is a summary made for the purpose of providing the Court with a factual basis for Cornelius O'Leary's guilty plea to the charges against him. It does not include all of the facts known to Cornelius O'Leary concerning similar criminal activity in which he and others engaged. Cornelius O'Leary makes this statement knowingly and voluntarily and because he is in fact guilty of the crime charged.

10. The guideline that applies to the charge under Title 18, United States Code, Section 1349, contained in Count One of the Information, is U.S.S.G. § § 2B1.1.

11. Because the offense of conviction does not have a statutory maximum term of imprisonment of 20 years or more, this guideline carries a Base Offense Level of 6. See § U.S.S.G. 2B1.1(a)(2).

12. The reasonable estimate of loss to Medicare was approximately $21,600,000.00. The loss amount was therefore more than $9,500,000, but was not more than $25,000,000, resulting in an increase of 20 levels. See U.S.S.G. § 2B1.1(b)(1)(K).

13. Cornelius O'Leary was convicted of a Federal health care offense involving a Government health care program and the loss amount associated with that offense was more than $20,000,000, and thus the offense level is increased by three levels. See U.S.S.G. § 2B1.1(b)(7)(C).

14. The defendant abused a position of public or private trust in that he used his position as a licensed medical doctor in a manner that significantly facilitated the commission or concealment of the offense, and thus the offense level is increased by two levels. See U.S.S.G § 3B1.3.

15. Accordingly the offense level applicable to Count One of the Information is 32.

16.     As of the date of this letter, Cornelius O'Leary has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged.  Therefore, a downward adjustment of two levels for acceptance of responsibility is appropriate if Cornelius O'Leary's acceptance of responsibility continues through the date of sentencing.  See U.S.S.G. § 3E1.1(a).

17.     As of the date of this letter, Cornelius O'Leary has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently.  At sentencing, this Office will move for a further one-point reduction in Cornelius O'Leary's offense level pursuant to § 3E1.1(b) if the following conditions are met: (a) Cornelius O'Leary enters a plea pursuant to this agreement, (b) this Office in its discretion determines that Cornelius O'Leary's acceptance of responsibility has continued through the date of sentencing and Cornelius O'Leary therefore qualifies for a two point reduction for acceptance of responsibility pursuant to § 3E1.1(a), and (c) Cornelius O'Leary's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

18.     The parties agree not to seek or argue for any upward or downward departure, adjustment, or variance not set forth herein.  The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level is reasonable.

19.     Cornelius O'Leary knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 29.  This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 29.  The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category.  The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein.  Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

20.     Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.